WORMSER (SEDGWICK v.). See Case No. 12,626.

## Case No. 18,049.

WORMSLEY v. BEEDLE.

[2 Cranch, C. C. 331.] [1]

Circuit Court, District of Columbia. May Term, 1822.

EXONERATION OF BAIL—PRINCIPAL IN PENITENTIARY.

After scire facias returned, the bail will be exonerated if the principal be confined in the penitentiary of one of the states before any execution returned against him, and so continue to be confined until the return of the scire facias.

Mr. Mason, after the return of the scire facias, moved the court to exonerate the defendant, who was special bail for one J. B. Rice, on the ground that the principal is now in prison in Virginia on a sentence for an offence against the United States, and cited the following authorities: The case of the bail of Peter Vergen, 2 Strange, 1217, where a prisoner under sentence of transportation was brought up to be surrendered in discharge of his bail; Sharp v. Sheriff, 7 Term R. 226 (S. P.), and Lord Chief Justice Kenyon said, it is what the bail are entitled to ask ex debito justitiæ; Wood v. Mitchell, 6 Term R. 247, where the court permitted an exoneretur on the bail-piece because the defendant was under sentence of transportation and actually on board ship, ready to

sail; Merrick v. Vaucher, 6 Term R. 50 (S. P.), where the principal was an alien out of the kingdom under the alien bill; Trinder v. Shirley, 1 Doug. 45 (S. P.), where the principal had become a peer, and it was no longer in the power of the bail to surrender him; Fowler v. Dunn, 4 Burrows, 2034 (S. P.), where the principal was sentenced to the state prison for life; and Cathcart v. Cannon, 1 Johns. Cas. 28, where the principle is admitted by Lord Mansfield.

THE COURT (nem. con.) ordered the exoneretur to be entered, the principal being confined in the penitentiary of Virginia before any execution returned against him, and continuing therein until the present time.